IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRETT DAVID BOGUS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-19-3264 |
| | § | |
| HARRIS COUNTY DISTRICT ATTORNEY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 civil complaint seeking monetary damages and declarative relief against fifty defendants on various constitutional and state law claims.

Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff was charged with felony theft that occurred in 2011 in Harris County, Texas. He pleaded guilty to the charges in August 2015 and was sentenced to twenty years' imprisonment.

In the instant lawsuit, plaintiff names as defendants fifty individuals and entities located throughout multiple cities and states. His claims allege various related and unrelated

acts by the defendants commencing as far back as 2011,[1] some of which took place during the investigation and prosecution of the felony theft case. It appears on the face of the pleadings that all of the claims brought by plaintiff under section 1983 are barred by limitations. Nevertheless, it is clear to the Court that the majority of plaintiff's claims are state law claims against defendants who are not state actors; these defendants cannot be held liable under section 1983. Moreover, a number of the claims are against state prosecutors and are barred by prosecutorial immunity. Other claims arising from plaintiff's criminal prosecution and conviction are currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. ANALYSIS

Because plaintiff is proceeding *in forma pauperis* and is a prisoner who has sued a government entity or employee of a government entity, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Plaintiff's claims are subject to dismissal on one or more of the following grounds.

---

[1] These claims run the gamut from concealment, conversion, transport, and theft of personal and real property, breach of fiduciary duty, defamation, fraud, online harassment, breach of contract, material misrepresentations, failure to pay debts, false tax returns, and brandishing a weapon, to installation of "key logger spyware," civil conspiracy, embezzlement, obstruction of justice, perjury, abandonment of a minor child, unjust enrichment, and alienation of affection by various paramours of plaintiff's wife.

2

A. <u>Limitations Bar</u>

42 U.S.C. § 1983 does not have its own statute of limitations. With respect to claims brought pursuant to section 1983, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the applicable period of limitations is two years. TEX. CIV. PRAC. & REM. CODE § 16.003. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759–61 (2015); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). Thus, plaintiff's section 1983 claims are subject to a two-year statute of limitations.

Although the applicable limitations period is determined by state law, the accrual of a cause of action is resolved by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge of the violation. *Newman v. Coffin*, 464 F. App'x 359, 362 (5th Cir. 2012). "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the facts forming the basis of his cause of action, . . . not that of the existence of the cause of action itself." *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks omitted).

In the instant case, plaintiff alleges that the events giving rise to his claims under section 1983 occurred during the years 2011 through 2015, culminating in his August 2015 guilty plea. Plaintiff's pleadings show that his claims accrued prior to the entry of his guilty

3

plea, and that limitations expired two years thereafter, in August 2017. His pleadings further show that he was aware of the facts giving rise to the claims prior to his guilty plea in 2015. Plaintiff did not file this lawsuit until August 26, 2019. As a result, plaintiff's pleadings show that his section 1983 claims are barred by limitations, and the claims are **DISMISSED WITHOUT PREJUDICE**.

B.  Non-State Actors

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Thus, section 1983 claims must be brought against state actors, not private citizens.

It is well settled that private citizens who provide information to law enforcement authorities or who cooperate with them do not become state actors under section 1983 when authorities rely upon that information or cooperation to effect an arrest. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988). However, a private individual may become a state actor if he is involved in an actual conspiracy with state actors. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

For private citizens to be held liable under section 1983, a plaintiff must plead with sufficient factual allegations that the citizens conspired with or acted in concert with state

4

actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). The Fifth Circuit has made clear that specific facts must be pled when a conspiracy is alleged; conclusory allegations will not suffice. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, a plaintiff must plead the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). These specific facts must show the individual was a willful participant in joint activity with the State or its agents by pleading factual allegations showing (1) an agreement between the private and state actor defendants to commit an illegal act and (2) a resulting deprivation of the plaintiff's constitutional rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Unsupported allegations of conspiracy that are conclusory, without reference to specific, operative facts, will not suffice. *Id.*

Plaintiff here pleads no factual allegations demonstrating an agreement among the state actors and private citizen defendants to commit an illegal act that resulted in the deprivation of plaintiff's constitutional rights. At most, he asserts generalized, conclusory claims of various vague conspiracies, and no operative facts are set forth as required by *Priester*. Plaintiff does not demonstrate that the private citizen defendants were state actors acting under color of state law, and no viable section 1983 claim is raised against them. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987).

Even assuming plaintiff had sufficiently pleaded factual allegations demonstrating that the private citizen defendants were state actors for purposes of section 1983, the claims

would be barred by limitations. Plaintiff pleaded guilty to felony theft in August 2015. Consequently, allegations that the private citizen defendants conspired with state actors to obtain a false criminal charge, detention, and conviction during 2011 through 2015 would have expired, at the latest, in 2017. The instant lawsuit, filed in 2019, is untimely.

Plaintiff pleads no factual allegations establishing the private citizen defendants as state actors, and the claims he raises against them are grounded in state law, not federal law. Plaintiff's purported section 1983 claims fail to raise a viable claim and are **DISMISSED WITHOUT PREJUDICE** as to the following named defendants: Arthur Paul Cormier, Tammy Ford Cormier, Rick Trahan, Colleen Cormier-Trahan, Euman Paul Cormier, Cheryl Woods-Cormier, Brittany Cormier-Stage, Rick Stage, Jr., Troy Daigle, Rick Stage, Sr., Tracy Benoit, Jeff Herbert, EZ Home Builders, Don McClain, Frances Zagusa, North Star Title, "Frankie Boy," Joel Eisenbaum, KPRC-TV, Larry Reed, Jeremy Reed, Pro Coins, Adam Fillion, Tanner Paul Kidwell, Vintage Remax, Lisa McConnell, Eric Trahan, Aaron Rebesa, David Michael Arnold, Angelica Perlman, Paul Kennedy, Milton Boyd Herndon, William Chapman, Amber Renee Kidwell, Shelly Roberts, Paul Swannie, Teresa Stage-Hohensee, Brandy Cormier-Bogus, John Menna, and Gladys Shirley Fitzgerald-Fillion.

C. <u>Prosecutorial Immunity</u>

Plaintiff complains that the current Harris County District Attorney, Kim Ogg, failed to investigate plaintiff's claims of impropriety within her office. Plaintiff enjoys no constitutional right to have Ogg undertake such an investigation, and her failure to do so

raises no constitutional issues. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (holding that a private citizen lacks a judicially cognizable interest in bringing criminal investigations or actions); *Oliver v. Collins*, 904 F.2d 278, 280–281 (5th Cir. 1990) (noting that the decision to file or not file criminal charges falls within the category of acts that will not give rise to liability under section 1983). Plaintiff's claims against Kim Ogg for her failure to investigate his allegations of impropriety are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff additionally claims that the Harris County District Attorney's Office conspired to conceal exculpatory and impeachment evidence and wrongfully prosecuted him. A county district attorney's office is not a legal entity capable of suing or being sued. *Johnson v. Kegans*, 870 F.2d 992, 998 n. 5 (5th Cir. 1989). Accordingly, plaintiff's claims against the Harris County District Attorney's Office are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff further brings claims against former or current Harris County district attorneys Belinda Hill, Devon Anderson, and Jamie Reyna for bad faith prosecution, suppression of exculpatory and impeachment evidence, and suborning perjury. In acting as criminal prosecutors, Hill, Anderson, and Reyna "enjoy absolute immunity from claims for damages asserted under section 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). This immunity extends to all actions which occur in the course of the prosecutor's role as an advocate for the State. *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). Prosecutorial immunity applies to a prosecutor's

actions in initiating a prosecution and in handling the case through the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999).

The alleged actions taken by these three defendants as advocates for the State of Texas in plaintiff's criminal case were "intimately associated with the judicial phase of the criminal process" undertaken in furtherance of the attorneys' advocacy functions for the State. Therefore, they are entitled to absolute immunity from the claims asserted against them in this case. *See Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011). Plaintiff pleads no factual allegations supporting any viable argument that these defendants were acting outside their scope of authority in bringing and pursuing criminal charges against him.

Moreover, because plaintiff alleges that the criminal charges were brought and prosecuted prior to his plea of guilty in August 2015, the section 1983 claims would be barred by limitations at this point in time. Further, and assuming the claims were not barred by prosecutorial immunity or limitations, plaintiff's claims against Hill, Anderson, and Reyna premised on a false or illegally obtained prosecution and conviction are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as discussed below.

Plaintiff's claims against Belinda Hill, Devon Anderson, and Jamie Reyna are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims currently barred by *Heck* are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

D. <u>Municipal Liability</u>

Plaintiff sues former City of Humble mayor Donald McMannes for allegedly encouraging a policy of denying equal protection to criminal defendants and against the City of Humble for encouraging fraudulent misrepresentations. Plaintiff's pleadings indicate that these alleged actions occurred during the years 2011 through 2014.

A municipality may be liable under section 1983 where "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017); *see also Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). Even assuming plaintiff's factual allegations as to McMannes and the City of Humble set forth viable claims for relief under section 1983, his pleadings show that the claims arose at the earliest on 2011 and at the latest in August 2015. Consequently, the section 1983 claims against these municipal defendants are barred by the applicable two-year statute of limitations, and the claims are **DISMISSED WITHOUT PREJUDICE**.

E. *Heck* Bar

Plaintiff asserts claims for monetary damages and a declaratory judgment against Humble Police Department Officer Tony Taylor for misrepresenting material facts resulting in plaintiff's illegal detention, and against former Humble Chief of Police Gary Warman for suborned perjury and illegally arresting and detaining him without probable cause. Plaintiff

9

also mentions by name the current mayor of Humble, Merle Aaron, but pleads no factual allegations raising any claims against him.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for monetary damages as well as a claim for declaratory and injunctive relief which essentially challenges a plaintiff's existing conviction, detention, or imprisonment is not cognizable under 42 U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted); *see also Boyd*, 31 F.3d at 284–85.

If plaintiff were successful in his claims against these defendants for fabricated testimony, unlawful arrest, detention, and conviction, and other claims challenging the constitutionality of his criminal proceedings and conviction, it would necessarily imply the invalidity of his detention, conviction, and sentence. Because this section 1983 action calls

into question the validity of plaintiff's detention, conviction, and sentence and he does not establish that the conviction and sentence have been invalidated, plaintiff cannot maintain these claims. The claims are currently barred by *Heck* and are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

F. Habeas Claims

Plaintiff also seeks as judicial relief the reversal of his criminal conviction and release from incarceration due to the alleged violations of his constitutional rights. Plaintiff's claims and requested relief sound in habeas, and cannot be pursued in context of this section 1983 lawsuit. The Supreme Court has held that a prisoner in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Accordingly, plaintiff's habeas claims are **DISMISSED WITHOUT PREJUDICE** to being pursued in a habeas proceeding filed in a court of proper jurisdiction. The Court expresses no opinion as to the merits of such petition or whether it would be barred by limitations or be construed as a successive habeas petition.

G. State Law Claims

To any extent plaintiff raises state law claims against one or more of the named defendants, the claims are not cognizable for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See*

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims raised by plaintiff.

### III. CONCLUSION

This case is **DISMISSED WITHOUT PREJUDICE** as frivolous and/or for failure to state a viable claim for which relief can be granted under section 1983. Plaintiff's claims that are currently barred by *Heck* are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. This dismissal constitutes a "strike" for purposes of section 1915(g). Plaintiff's habeas claims are **DISMISSED WITHOUT PREJUDICE**. To any extent necessary, a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas on the 17th day of October, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE